IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA ANN KIRCHNER,

     **Plaintiff,**

v.                                                                                                                                       No. 12-cv-0640 SMV

CAROLYN COLVIN,[1]
**Acting Comm'r of SSA,**

     **Defendant.**

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REVERSE AND REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 19] ("MRR"), filed on October 23, 2012. The Commissioner responded on December 18, 2012. [Doc. 20]. Plaintiff replied on January 16, 2013. [Doc. 21]. The parties have consented to the undersigned's conducting proceedings and entering final judgment in this case. [Doc. 9]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court FINDS that the Administrative Law Judge ("ALJ") failed to address the conflict between Plaintiff's ability to carry out only simple instructions and the level-three reasoning required by the jobs identified by the vocational expert ("VE"). Accordingly, the MRR is well-taken and should be granted.

### I.    Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits ("DIB"), and supplemental security income on October 27, 2009. Tr. 23. Plaintiff alleged a disability-onset

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

date of July 9, 2008.[2]  *Id.*  Her claims were denied initially and on reconsideration.  *Id.*  On June 23, 2010, Plaintiff requested a hearing before an ALJ.  A hearing was held on August 25, 2011, before ALJ Donna Montano in Albuquerque, New Mexico.  Tr. 23, 36–59.  The ALJ took testimony from Plaintiff and an impartial VE, Mary Diane Weber.  *Id.*

The ALJ issued her unfavorable decision on December 9, 2011.  Tr. 23–30.  She found that Plaintiff had not engaged in substantial gainful activity since June 9, 2008.  Tr. 25.  She further found that Plaintiff suffered from severe depression and attention deficit hyperactivity disorder.  *Id.*  The ALJ found that these severe mental disorders caused mild restrictions in Plaintiff's activities of daily living and moderate restrictions in her social functioning and her concentration, persistence, or pace.  Tr. 26.  Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform:  "a full range of work at all exertional levels but with the following non-exertional limitations:  [Plaintiff] can understand, remember and carry out simple instructions.  She can concentrate and persist for two hours a time [sic].  She can interact with co-workers and supervisors regarding work matters."  Tr. 26−27.  As a result, the ALJ determined that Plaintiff was not able to return to her past relevant work.  Tr. 29.  However, considering Plaintiff's age (49 years on the alleged disability-onset date), education, work experience, and RFC, the ALJ found that Plaintiff could perform the other jobs that exist in significant numbers in the national economy, such as charge account clerk, furniture rental consultant, and linen room attendant.  Tr. 29–30.  Therefore, the ALJ determined that Plaintiff was not disabled at the relevant time, and she denied her claims.  Tr. 30.

---

[2] Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009.  Tr. 23. Accordingly, Plaintiff had to establish that she was disabled on or before December 31, 2009, to succeed on her claims for disability and DIB.  *Id.*

## II.     Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[3] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility

---

[3] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III.     Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" and (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) her impairment(s) either meet or equal one of the Listings[4] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[4] 20 C.F.R. pt. 404, subpt. P, app. 1.

### IV. Analysis

Plaintiff moves to reverse the Commissioner's final decision because, she argues, it was not supported by substantial evidence and because the ALJ failed to apply the correct legal standards. [Doc. 19] at 1. She asserts that the ALJ failed to properly assess her RFC. *Id.* at 7–8; [Doc. 21] at 1–2. She also argues that the VE's testimony does not provide substantial evidence to support the ALJ's findings. [Doc. 19] at 8–9; [Doc. 21] at 3–4. The Commissioner responds that the final decision should be affirmed because it is supported by substantial evidence and the correct legal standards were used. *See* [Doc. 20].

#### A. Plaintiff's challenges to the RFC

Plaintiff argues that the ALJ failed to properly asses her RFC. [Doc. 19] at 7. She recounts that the ALJ found that she could not concentrate and persist for more than two hours at a time, but the ALJ "did not mention breaks or rest periods in her decision or in her examination of the VE." *Id.* She cites various authorities for the proposition that ALJs must make specific RFC findings supported by substantial evidence. *Id.* at 8. She concludes that "[t]he RFC as stated in the decision and in the hypothetical question to the VE is incomplete and therefore required the VE to make assumptions about the ability to work beyond two hours." *Id.*

Unfortunately, Plaintiff says nothing more. She does not explain how the RFC was incomplete. She fails to identify what information the VE lacked or which of the VE's opinions she believes were assumptions. Plaintiff fails to explain her argument or offer relevant authority to support it.

Based on the Commissioner's response, it appears that she interprets the argument to be that the ALJ erred in failing to elaborate on Plaintiff's abilities *after* two hours and in failing to mention breaks for rest periods. [Doc. 20] at 4. She points out that Plaintiff did not offer any authority requiring ALJs to discuss breaks or rest periods. *Id.* at 6. The Commissioner is correct. To the extent that Plaintiff challenges the ALJ's failure to discuss Plaintiff's abilities beyond two hours or to mention breaks, the argument is unavailing because Plaintiff offers no legal authority to support it.

In her Reply, Plaintiff seems to change her argument entirely, arguing that the ALJ erred in failing to include in the RFC any limitations in Plaintiff's concentration, persistence, or pace. *Id.* at 2. This argument does not seem to be related to the argument as presented in the MRR, and it does not hold water. The ALJ, in fact, did include in the RFC a limitation related to Plaintiff's ability to concentrate and persist. She found that Plaintiff could not do so for more than two hours at a time. Tr. 26–27. The Court is not persuaded that the ALJ erred in assessing her RFC, and remand is not warranted on this ground.

### B. The ALJ's failure to resolve the conflict between the VE's testimony and the DOT

Plaintiff argues that the ALJ erred in failing to resolve the conflict between the RFC and the other jobs that the VE opined she could perform. [Doc. 19] at 8–9. Namely, the ALJ limited Plaintiff to being able to "understand, remember and carry out simple instructions," Tr. 26–27,

but the jobs identified by the VE require higher level reasoning, i.e., level-three reasoning.[5] [Doc. 19] at 8–9.

Reasonable explanations are required for conflicts between the Dictionary of Occupational Titles ("DOT") and the VE's testimony. *Hackett v Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (citing Social Security Ruling ("SSR") 00-4p; *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999)).  An ALJ, however, may not know that a conflict exists, unless she inquires, so she is required to do so, on the record. *Hackett*, 395 F.3d at 1175; SSR 00-4p ("At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency [between the VE's testimony and the DOT].").

Here, the ALJ never asked the VE whether her testimony was consistent with the DOT, and she never resolved the conflict that Plaintiff now raises.  The case should be remanded to address these errors.

## V.   Conclusion

Although Plaintiff has failed to persuade the Court that there was any error with the RFC, remand is still appropriate.  The ALJ failed to inquire of the VE whether her testimony conflicted with the DOT.  Consequently, the ALJ failed to resolve the conflict between the reasoning level

---

[5] The DOT describes reasoning level three as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations."   DOT 205.367-014 (charge-account clerk); *id.* 295.357-018 (furniture-rental consultant); *id.* 222.387-030 (linen-room attendant).  Level-three reasoning is not consistent with a limitation to understanding, remembering, and carrying out *simple* instructions. *Hackett v Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (citing *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)).

required to perform the jobs identified by the VE and Plaintiff's limitation to understand, remember, and carry out simple instructions.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 19] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**